IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA GOLDBERG )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>VIKING COLLECTION SERVICE, INC.)<br>)<br>)<br>Defendant. )<br>) | Civil Action No. |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff Linda Goldberg is an adult individual residing at 349 Meadowbrook

Drive, Huntingdon, PA 19006.

5. Defendant Viking Collection Service, Inc. is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 2075 W Pinnacle Peak Road, #110, Phoenix, AZ 85027. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

6. At all times pertinent hereto, Defendant was hired to collect a debt relating to consumer purchases (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. On or about September 10, 2007, Defendant wrote and sent to the Plaintiff by U.S. mail a collection or "dunning" letter (hereafter the "Letter") that attempted to coerce Plaintiff into paying the debt.

9. At all pertinent times hereto, the Letter was the initial communication to Plaintiff by the Defendant. Additionally, Defendant did not send any written communications to Plaintiff with respect to the alleged debt within five days after the above initial communication.

10. In response to the above, on or about September 13, 2007, Plaintiff wrote and sent to the Defendant by U.S. mail a letter (hereafter the "Dispute Letter") that, *inter alia*, disputed the debt. (A true and correct copy of the Certified Mail Receipt from the mailing of the Dispute Letter to Defendant is attached hereto as Exhibit "A" and is incorporated herein).

11. Notwithstanding, the above, on or about October 1, 2007, Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, harass, and abuse such persons contacted.

12. Notwithstanding, the above, on or about October 17, 2007, Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, harass, and abuse such persons contacted.

13. Notwithstanding, the above, on or about October 24, 2007, Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, harass, and abuse such persons contacted.

14. Notwithstanding, the above, on or about October 25, 2007, Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, harass, and abuse such persons contacted.

15. Notwithstanding, the above, on or about October 30, 2007, Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, harass, and abuse such persons contacted.

16. Notwithstanding the above, on or about January 30, 2008, Defendant wrote and sent to the Plaintiff by U.S. mail a collection or "dunning" letter that attempted to coerce Plaintiff into paying the debt.

17. To date, Defendant has not provided Plaintiff with verification of the debt.

18. The Defendant acted in a false, deceptive, misleading and unfair manner when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt, including but not limited to continuing in its attempts

to collect the debt, notwithstanding Plaintiff's request for verification of the debt.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when it failed to provide verification of the debt, as required by 15 U.S.C. § 1692g, following Plaintiff's request to do so.

20. Defendant knew or should have known that its actions violated the FDCPA and UTCPL. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA and UTCPL, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## V. FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

28. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692g, as evidenced by the following conduct:

    (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (b) The false representation of the amount, character or legal status of a debt;

    (c) Failing to provide verification of the debt when asked to do so by Plaintiff; and

    (d) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

 (a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

 (b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

 (c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

 (d) That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF- VIOLATING THE FCEUA AND UTPCPL

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

33. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

34. The above contacts by Defendant are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

35. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

 (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(b) The false representation of the amount, character or legal status of a debt;

(c) Failing to provide verification of the debt when asked to do so by Plaintiff; and

(d) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

37. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

## VII. JURY TRIAL DEMAND

38. Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

FRANCIS & MAILMAN, P.C.

BY: _/s/ Mark D. Mailman_
MARK D. MAILMAN, ESQUIRE
JAMES A. FRANCIS, ESQUIRE
JOHN SOUMILAS, ESQUIRE
MICHAEL J. SZYMBORSKI, ESQUIRE
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: February 20, 2008

# EXHIBIT A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    VCS
    7500 Flying Cloud Drive
    Eden Prairie, MN
    55344-3678

2. Article Number (Transfer from service label): 7007 1490 0000 3795 5494

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
    X _Boyle  My_      ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
    Boyle Myer                      9/17/7

D. Is delivery address different from item 1? ☐ Yes ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes